OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Ohio Turnpike Commission, appeals a jury verdict from the Portage County Court of Common Pleas permitting appellee, Loretta R. Barker, to participate in the Ohio Bureau of Workers' Compensation fund.
Appellee began working for appellant as a secretary on October 18, 1982. It was well documented that prior to commencing her employment with appellant, appellee had a long history of respiratory problems including allergic rhinitis, bronchitis, and sinusitis. She had also had bouts with pneumonia and whooping cough dating back to when she was a young child. However, as of when she started working for appellant, there was no documentation or any diagnosis of asthma. Appellee was required to take and pass a physical examination prior to beginning her employment.
Appellee was an active woman, participating in sports, exercise and yard work, and she enjoyed dancing. However, after she had worked for appellant for a number of years, appellee began experiencing respiratory problems that affected, not only her ability to breathe, but also her stamina. It is apparent from the record that the building appellee worked in also housed at least twenty diesel trucks which would often times be left running while in the building, causing a buildup of diesel fumes described by the Division Superintendent of the building as "intolerable."
The situation grew worse in 1989 when the building was remodeled and a new air conditioning system was installed. The system brought in only forty percent fresh air while using sixty percent recirculated air. Additionally, windows that could previously be opened were replaced with windows that could not be opened. After appellee's respiratory problems worsened, her doctor referred her to a pulmonary specialist, John S. Belany, D.O. Dr. Belany diagnosed appellant with allergic asthma in 1991 although he later changed his diagnosis to occupational asthma related to the diesel fumes in appellee's work place.
In February 1994, appellee contracted pneumonia causing her to miss work from February 28 through March 20, 1994. Then, on March 24, 1994, appellee walked into work and immediately began experiencing breathing difficulties. An ambulance was summoned and appellee was transported to the Warren General Hospital emergency room where she was treated and released. However, after that incident, appellee could not breathe in any strong odors, such as diesel fumes, without experiencing breathing difficulties. Appellee never returned to work after the March 24, 1994 incident. She submitted her letter of resignation on July 30, 1994.
Subsequently, appellee filed an occupational disease claim with the Ohio Bureau of Workers' Compensation. Her claim was allowed. Appellant appealed the decision to the trial court pursuant to R.C. 4123.512, and a jury trial ensued. At the conclusion of appellee's case-in-chief, appellant moved for a directed verdict on two grounds. First, appellant claimed that appellee's asthma pre-existed her employment with appellant and was, therefore, non-occupational in origin. Second, appellant argued that appellee had failed to provide any competent evidence to establish a causal connection between her asthma and her work environment. Appellant's motion was overruled by the trial court. Thereafter, the jury rendered a unanimous verdict in favor of appellee.
Appellant timely filed a notice of appeal and has now set forth two assignments of error. In the first assignment of error, appellant contends that the trial court's judgment finding appellee eligible to participate in the Ohio Workers' Compensation fund was against the manifest weight of the evidence.
It is well-established that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. Additionally, it is for the trier of fact to weigh the evidence and determine the credibility of witnesses. Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, 23.
Appellant first contends that appellee's asthma pre-existed her employment with appellant and, therefore, was non-occupational in origin and, thus, not compensable. In reviewing the evidence that was before the trier of fact, we must conclude that there was some competent, credible evidence to support appellee's claim that her asthma did not pre-exist her employment with appellant. Hence, we reject appellant's argument.
A review of the evidence reveals that Dr. Belany, appellee's treating physician, testified that, in his opinion, appellee did not have allergic asthma from childhood. Instead, his ultimate conclusion which he reached in 1994 was that she developed occupational asthma while working for appellant. It began, he believed, in 1985 or 1986. It worsened over the years due to heightened exposure to an irritant; namely, formaldehyde found in the diesel fumes. Thus, Dr. Belany believed that appellee did not begin suffering from occupational asthma until three to four yearsafter she began working for appellant, not before.
The conclusion reached by Dr. Belany received support from the observations of appellee's co-workers and husband. Each testified that appellee, who had been very energetic and active, began to experience serious respiratory problems in the 1993-1994 time period. Her stamina was reduced and she would have trouble breathing. Clearly, the change they witnessed occurred well after appellee had worked for appellant for a number of years.
While the testimony of appellant's expert witness, David M. Rosenberg, M.D., offered a different point of view which suggested that appellee had asthma dating back to before she began working for appellant, this conflict in the evidence was weighed by the trier of fact. We will not reverse their decision as there exists competent, credible evidence to support their conclusion.
Based upon the foregoing analysis, appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the judgment finding that appellee is entitled to participate in the Workers' Compensation fund is contrary to law because the evidence irrefutably established that her asthma pre-existed her employment with appellant and was non-occupational in origin.
Within this assignment of error, which is not separately set forth and argued in its appellate brief, appellant merely repeats the arguments made within its first assignment of error. We will not repeat our analysis of those issues at this time. Appellant's second assignment of error is without merit.
We feel compelled to note, however, that this case concerns us. The Ohio Bureau of Workers' Compensation determined that appellee was entitled to participate in the fund as she had a compensable workplace injury. Subsequently, a jury unanimously reached the same decision following a trial. Appellant has now raised a manifest weight argument as its sole grounds for appeal. Clearly, there is substantial evidence supporting the decision reached by every body that has reviewed this case. Under these circumstances, appellant's course of action in prolonging the inevitable strikes us as being inappropriate. There appears to be no basis for this endless litigation.
The judgment of the trial court is hereby affirmed.
FORD, P.J., CHRISTLEY, J., concur.